PEOPLE v LEWIS

PEOPLE v HUNT

PEOPLE v JOHNSON

Docket Nos. 64487, 64586, 65292. Argued June 4, 1981 (Calendar Nos. 12-14).—Decided December 23, 1982. Rehearing denied as to *Johnson,* 417 Mich 1104.

Kenneth Lewis was charged with second-degree murder and possession of a firearm during the commission of a felony. Gary Johnson was charged with felonious assault and possession of a firearm during the commission of a felony. Separate juries found the defendants guilty of the felony-firearm charges, but not guilty of the underlying felonies. The Recorder's Court of Detroit, Robert H. Lorion, J., in *Lewis,* and Donald L. Hobson, J., in *Johnson,* set aside the felony-firearm convictions on the ground that the verdicts were inconsistent. The Court of Appeals, M. F. Cavanagh, P.J., and DeWitt, J. (M. J. Kelly, J., dissenting), in an opinion per curiam in *Lewis* (Docket No. 78-4968), and Bronson, P.J., and V. J. Brennan and T. M. Burns, JJ., in a memorandum opinion in *Johnson* (Docket No. 47489), affirmed. The people appeal.

James A. Hunt was convicted in the Recorder's Court of Detroit, Joseph E. Maher, J., of attempted breaking and entering and possession of a firearm during the commission of a felony. The Court of Appeals, T. M. Burns, P.J., and Bronson and R. M. Maher, JJ., affirmed in an opinion per curiam, holding that although the trial court erred in refusing to instruct the jury that it could not convict the defendant of the felony-firearm charge if it acquitted him of the underlying felony, reversal was not warranted because the defendant was convicted of both offenses (Docket No. 77-4138). The people appeal.

In an opinion by Justice Levin, joined by Chief Justice Fitzgerald and Justices Williams, Coleman, and Ryan, the Supreme Court *held:*

A defendant charged with possession of a firearm during the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 76 Am Jur 2d, Trial § 1156.

[1, 4, 5] 79 Am Jur 2d, § 8.

[2] 75 Am Jur 2d, Trial § 712 *et seq.*

commission of a felony and an underlying felony need not be convicted of the underlying felony in order that a conviction of the felony-firearm charge may stand. Nor may a trial court instruct a jury that it must convict a defendant of an underlying felony in order to convict of a felony-firearm charge.

1. Consistency is not required in jury verdicts on several counts of a multi-count indictment. Juries are not held to any rules of logic and have the power to acquit as a matter of leniency. Narrowly viewed, a jury's acquittal of one charge in a multi-count indictment signals no more than the jurors' agreement not to convict on that charge for whatever reason satisfactory to them. In *Lewis* and *Johnson,* the verdicts suggest that the juries either compromised or were lenient. If lenient, the defendants did not suffer prejudice because of any inconsistencies in the verdicts and have no cause for complaint. If the juries compromised, it would mean that the jurors were unable to reach unanimous verdicts on both charges. The remedy where a jury cannot agree is a mistrial; the defendants, however, have not sought new trials but dismissal of the convictions.

2. Although the Legislature no doubt contemplated that a conviction of possession of a firearm during the commission of a felony would accompany conviction of the underlying felony, it made the commission, or the attempted commission, of a felony, and not the conviction of a felony, an element of a felony-firearm conviction. It is within the letter of the felony-firearm statute and the spirit of the legislative purpose in enacting it to construe the statute to provide for the imposition of a sentence upon a conviction by a jury of a felony-firearm charge and an acquittal of an underlying felony.

3. A trial court may and should instruct a jury that a person cannot be convicted of a felony-firearm charge unless it finds that he committed or attempted to commit a felony. But because conviction of a felony or conviction of an attempt to commit a felony is not an element of the felony-firearm offense, the court may not instruct a jury that it must convict a defendant of the underlying felony in order to return a conviction of the felony-firearm charge.

4. Because the asserted inconsistencies in the verdicts in *Lewis* and *Johnson* do not invalidate the felony-firearm convictions, the judgments of the Court of Appeals in those cases are reversed, the felony-firearm convictions are reinstated, and the cases are remanded to the trial courts for sentencing. The

judgment of the Court of Appeals in *Hunt* is affirmed, but its reasoning is disapproved.

*Lewis* and *Johnson* reversed and remanded.

*Hunt* affirmed.

Justice Kavanagh, dissenting, would hold that a person cannot be found guilty of possession of a firearm during the commission of a felony unless he is found guilty of the commission of a felony or of an attempt to commit a felony.

94 Mich App 1; 287 NW2d 10 (1979) affirmed.

94 Mich App 752; 290 NW2d 73 (1980) reversed.

### Opinion of the Court

1. Criminal Law — Felony-Firearm — Inconsistent Verdicts.

   A defendant charged with possession of a firearm during the commission of a felony and with an underlying felony need not be convicted of the underlying felony in order that a conviction of the felony-firearm charge may stand (MCL 750.227b; MSA 28.424[2]).

2. Criminal Law — Felony-Firearm — Jury Instructions.

   A trial court should instruct a jury that a person cannot be convicted of a felony-firearm charge unless it finds that he committed or attempted to commit a felony; but, because *conviction* of a felony or of an attempt to commit a felony is not an element of the felony-firearm offense, the court may not instruct a jury that it must convict a defendant of the underlying felony in order to convict of the felony-firearm charge (MCL 750.227b; MSA 28.424[2]).

3. Criminal Law — Jury — Inconsistent Verdicts.

   Consistency is not required in jury verdicts on several counts of a multi-count indictment; juries are not held to any rules of logic and have the power to acquit as a matter of leniency.

4. Criminal Law — Felony-Firearm — Elements — Inconsistent Verdicts.

   The commission of a felony or an attempt to commit a felony, not conviction of a felony, is an element of the crime of possession of a firearm during the commission of or attempt to commit a felony; thus, a person may be convicted of a felony-firearm charge and acquitted of the underlying felony (MCL 750.227b; MSA 28.424[2]).

DISSENTING OPINION BY KAVANAGH, J.

5. CRIMINAL LAW — FELONY-FIREARM — INCONSISTENT VERDICTS.

*A person cannot be convicted of possession of a firearm during the commission of a felony unless he is convicted of the underlying felony or an attempt to commit the underlying felony (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Larry S. Davidow* for defendant Johnson.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner)* for defendant Hunt.

LEVIN, J. In these cases, consolidated for argument on appeal, the defendants were charged with committing a felony[1] and with possession of a firearm during the commission of a felony.[2] In *Lewis* and *Johnson,* the jury acquitted the defendants of the underlying felony (and, in *Johnson,* of lesser offenses) and convicted them of felony-firearm.

The defendants seek to have their convictions of felony-firearm set aside because of the inconsistency in the verdicts, asserting that since the juries acquitted them of the underlying felonies in each case, they necessarily found that an element of the offense of felony-firearm had not been committed. We hold that the acquittals do not require that the convictions be set aside.

Hunt was convicted of attempted breaking and

---

[1] Kenneth Lewis was charged with second-degree murder. MCL 750.317; MSA 28.549. Gary Johnson was charged with felonious assault. MCL 750.82; MSA 28.277.

[2] MCL 750.227b; MSA 28.424(2).

entering[3] and of felony-firearm. He contends that the trial judge erred in refusing a requested instruction that, should the jury acquit him of the underlying felony, it could not convict him of felony-firearm. We hold that the judge did not err in refusing to so instruct.

I

The trial judges set aside Lewis' and Johnson's felony-firearm convictions on the ground that the verdicts were inconsistent, and the Court of Appeals affirmed on the authority of its opinion in *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979).[4]

The Court of Appeals affirmed Hunt's convictions. It concluded, however, that the trial judge had erred in refusing to give the requested instruction, because the language of the statute "indicates that a defendant cannot be convicted of felony-firearm unless he is also convicted of the underlying felony";[5] it found that the error was harmless. The Court suggested an instruction for future cases.[6] The people, although satisfied with

[3] MCL 750.110, 750.92; MSA 28.305, 28.287.

[4] The opinion in *Johnson* is unreported. The opinion in *Lewis* is reported at 94 Mich App 752; 290 NW2d 73 (1980), one judge dissenting.

[5] 94 Mich App 1, 2; 287 NW2d 10 (1979).

[6] The Court of Appeals suggested the following instruction:

" 'You may convict or acquit the defendant on Count I—the underlying felony.

" 'You may convict or acquit the defendant on Count II—felony firearm.

" 'You may convict the defendant of Count I and acquit him of Count II if you find that defendant did not use a gun in perpetrating the offense charged in Count I.

" 'However, you may not convict the defendant of Count II and acquit him of Count I. A defendant is not guilty of felony firearm unless he is also guilty of the underlying felony.'[2]

" '[2] If the trial judge charges the jury on lesser included offenses, the language should reflect that fact as follows:

the result, sought leave to appeal because of the suggested instruction. Given that we were granting leave to appeal in *Lewis* and *Johnson,* we granted leave to appeal in *Hunt* as well.

These consolidated appeals present the following issues: (1) Where a defendant charged with an underlying felony and felony-firearm is not convicted of the underlying felony or any lesser offense but is convicted of felony-firearm, may the conviction stand? (2) Must a trial judge instruct a jury that, if it acquits on the underlying felony and all lesser offenses, it must acquit on the felony-firearm charge?

We hold that the asserted inconsistencies in verdicts do not invalidate the convictions of felony-firearm. We reverse the Court of Appeals in *Lewis* and *Johnson,* reinstate the convictions of felony-firearm, and remand to the trial courts for sentencing.

We affirm the Court of Appeals in *Hunt,* but we disagree with its reasoning. The trial judge did not err in refusing to instruct that the jury must acquit on the felony-firearm charge if it acquits on the felony charge. We disapprove of the instructions proposed by the Court of Appeals.

II

Lewis and Johnson contend that the verdicts

_____

" 'You may not convict the defendant of Count II and acquit him of Count I, the charged felony, or of all of the lesser included offenses on which you have been charged. A defendant is not guilty of felony firearm unless he is guilty of some underlying felony.' " 94 Mich App 3 (1979).

were inconsistent because conviction on a felony charge must precede conviction on a charge of felony-firearm. The people contend, on the authority of this Court's recent decision in *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980) (reversing the Court of Appeals decision relied on by that Court in *Lewis* and *Johnson),* that this Court permits seemingly inconsistent verdicts and that the acquittals do not require reversal of the felony-firearm convictions.

In *Vaughn,* a jury convicted the defendant of felonious assault, but acquitted him of felony-firearm. The people's evidence tended to show that the defendant had committed a felonious assault with a revolver; however, the defendant denied having a gun and making an assault, and the people offered no gun in evidence. The Court of Appeals reasoned that, in convicting the defendant of felonious assault, the jury must have decided "that a gun did exist" and in acquitting him of felony-firearm "must necessarily have determined the nonexistence of the gun. Thus the verdicts are inconsistent".[7] Because of the inconsistency, the Court of Appeals vacated defendant's conviction of felonious assault.

In reversing, this Court noted that federal and many state courts do not require consistency in jury verdicts on several counts of a multi-count indictment. Additionally, this Court said that "[j]uries are not held to any rules of logic" and have the power to acquit as a matter of leniency. Merely because the jury has the power to "release a defendant from some of the consequences of his act", it does not follow that the jury intends to

---

[7] *People v Vaughn,* 92 Mich App 742, 744; 285 NW2d 444 (1979).

"absolv[e] him from all responsibility". 409 Mich 466.

## A

When a jury responds to a multi-count indictment, lawyers and judges are often tempted to reconcile the verdicts, to strive for some rational compatibility. But to do so imposes an artificial gloss on jury verdicts. Narrowly viewed, a jury's acquittal on one charge in a multi-count indictment signals no more than the jurors' agreement not to convict on that charge for whatever reason satisfactory to them.[8]

The inconsistency in the instant verdicts suggests that the juries either compromised or were lenient.[9]

---

[8] See, generally, Bickel, *Judge and Jury—Inconsistent Verdicts in the Federal Courts,* 63 Harv L Rev 649, 650 (1950).

See also *State v Zakhar,* 105 Ariz 31; 459 P2d 83 (1969), where the Supreme Court of Arizona overruled *State v Fling,* 69 Ariz 94; 210 P2d 221 (1949), which held that an acquittal on one count which charges an act that forms an essential element of another count on which the jury has convicted the defendant necessitates setting aside the conviction as inconsistent. The Court said:

"Had the jury thought that its exercise of mercy [in convicting on only one or two counts] would provide defendant with a basis for claiming that he could not be sentenced for the crimes of which he was found guilty, it is quite possible that there would have been guilty verdicts on all * * * charges." 459 P2d 85.

See also *United States v Carbone,* 378 F2d 420, 422 (CA 2, 1967).

[9] Another view of the jury's verdict is that the jury was confused, did not understand the instructions, and did not know what it was doing. If that is what occurred, then the confusion taints the verdict finding the defendant not guilty of the underlying felony as well as the verdict finding him guilty of felony-firearm. Jury confusion is not a reason to set aside the verdict of conviction and to uphold the verdict of acquittal, but rather would argue for setting aside both verdicts, with a new trial on both charges.

We have considered the possibility that the jury concluded that the defendant had not committed a felony but convicted him because the jurors concluded that the defendant was a bad man who should be punished. While that is possible, it is possible in any case where a defendant is convicted. The inconsistency in the verdicts does not

If the jury was lenient, the defendant was not prejudiced by the inconsistency in the verdicts and has no cause for complaint. In that hypothesis, although 12 jurors agreed that the defendant was guilty beyond a reasonable doubt of the underlying felony, they nonetheless extended mercy, convicting him only of what they may have thought was a lesser offense instead of both.[10]

The defendant may, however, have been prejudiced if the jury compromised. If it compromised, there is the risk that some of the jurors who agreed to the compromise did not believe beyond a

.suggest that that is what occurred. If the appellate courts were to set aside a verdict because of the possibility that the defendant was convicted not because he was found to have committed the charged offense but because the jury thought that he deserved to be punished, few if any convictions would be sustained.

[10] This Court has recognized that a jury has the power "to release a defendant from some of the consequences of his act without absolving him of all responsibility". *Vaughn, supra,* 409 Mich 466. See also *Dunn v United States,* 284 US 390, 393; 52 S Ct 189; 76 L Ed 356 (1932), quoting with approval the opinion of Judge Hand in *Steckler v United States,* 7 F2d 59, 60 (CA 2, 1925). The jury speaks as "the voice of the country". 2 Pollock & Maitland, History of English Law, p 623; *United States v Maybury,* 274 F2d 899 (CA 2, 1960). Even when the facts are undisputed, a jury may return a verdict which reflects an interpretation of the evidence which differs from a judge's. *Horning v Dist of Columbia,* 254 US 135, 138-139; 41 S Ct 53; 65 L Ed 185 (1920). See also *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975):

"Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as 'undisputed' need not be believed by a jury."

Some have gone so far as to argue that it is the power of the jury to disregard law and facts that justifies retention of juries in criminal cases: from that power flows the flexibility necessary to prevent injustice, for the collective judgment of a cross-section of the community can most properly determine the injustice of a general rule as applied to a particular case. Wigmore, *A Program for the Trial of Jury Trial,* 12 J Am Jud Soc 166 (1929). The jury's power to acquit a defendant on one or more counts in a multi-count indictment "because of a belief that the counts on which it was convicted will provide sufficient punishment * * * forbids allowing the acquittal to upset or even to affect the simultaneous conviction". *Carbone,* fn 8 *supra,* 378 F2d 422 (citation omitted).

reasonable doubt that the defendant committed a
felony, but nonetheless agreed to convict the de-
fendant of felony-firearm (although commission of
a felony is an element) in exchange for the agree-
ment of other jurors to acquit the defendant of the
underlying felony. If that is what occurred, then
the jury was unable to reach a unanimous verdict
on both charges. The remedy, where a jury is
unable to agree on a unanimous verdict, is not
dismissal of the charges, but the declaration of a
mistrial, and the defendant can be required to
stand trial again on the charges in respect to
which the jurors are unable to agree.

The defendants do not, however, seek new trials,
but instead seek dismissal of the felony-firearm
convictions.[11] The defendants argue that a verdict
of not guilty on the felony charge represents a
finding by the jury that the defendant did not
commit the felony, and since he did not commit
the felony he cannot be guilty of felony-firearm.
But that is to look at the matter from only one
side. The conviction of felony-firearm may be read
as an implicit finding that the defendant did com-
mit the felony.

Because we see no reason to regard differently
for this purpose the express finding of not guilty of
the underlying felony and the implicit finding of
guilty of the underlying felony, the defendants are
not entitled to have their convictions of felony-
firearm set aside on the premise that the acquit-
tals of the felony charges were findings that they
did not commit the underlying felonies inexorably
requiring that the felony-firearm convictions be set
aside.

---

[11] In a civil case, when the verdict is inconsistent, a new trial is
ordered. See *Harrington v Velat,* 395 Mich 359; 235 NW2d 357 (1975).

The jury, to repeat, either was lenient or compromised. If the former, the defendant has no cause for complaint. But if the jury compromised, the finding that the defendant did not commit the underlying felony was part and parcel of that jury compromise which, in convicting the defendant of felony-firearm, implicitly found that the defendant did commit the underlying felony. A compromise is indivisible. We cannot properly enforce only part of it.

## B

It is contended that the language of the felony-firearm statute[12] requires that sentencing for conviction of a felony is a prerequisite for imposition of the sentence for felony-firearm with the consequence that where, as here, the people have not secured a conviction for a felony no sentence can be imposed for felony-firearm.

Although the Legislature no doubt contemplated that a person convicted of felony-firearm would also have been convicted of an underlying felony, it made commission or the attempt to commit a felony and not conviction of a felony an element of felony-firearm. See Part III.

Having in mind the legislative purpose to provide separate punishment for carrying a firearm in the commission of or attempt to commit a felony,[13] we are satisfied that it is both within the letter of

---

[12] "(2) The term of imprisonment prescribed by this section shall be *in addition to* the sentence imposed for the conviction of *the* felony or the attempt to commit *the* felony, and shall be served consecutively with *and preceding* any term of imprisonment imposed for the conviction of *the* felony or attempt to commit *the* felony." (Emphasis supplied.) MCL 750.227b(2); MSA 28.424(2)(2).

[13] *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

the statute[14] and the spirit of the legislative purpose to construe the statute as providing for the imposition of sentence in a case where the jury convicts of felony-firearm but acquits of the underlying felony.[15] It would not be consistent with the legislative purpose in enacting the felony-firearm statute to conclude that it intended that a felony-firearm conviction be set aside and no punishment at all be imposed in a case where the jury, extending leniency or compromising, failed to convict of the underlying felony, but did convict of felony-firearm.

## III

The people contend that the Court of Appeals erred in declaring in *Hunt* that the judge should have instructed, as requested by Hunt's lawyer, "that if they acquit the defendant of the underlying felony count, they cannot convict of felony-firearm". The Court of Appeals nevertheless found the error to be harmless because Hunt had been convicted of both the felony charge and felony-firearm. We agree with the prosecutor.

While the felony-firearm statute makes commis-

---

[14] While it may be argued that the sentence for felony-firearm cannot "add" to the sentence for conviction of the underlying felony where there is no conviction of an underlying felony, zero plus two is still two and not zero. Semantic arguments are the grist of the lawyers' mill. And a court should not lightly ignore apparent conflict between the letter of the statute and a construction which it is urged to place, and is contemplating placing, on a statute. Nevertheless, the lodestar of statutory construction is legislative purpose or intent. We are confident and comfortable in the conclusion that the Legislature would not wish a person acquitted of the underlying felony and convicted of felony-firearm to march out of the courtroom.

[15] Because the Legislature clearly contemplated that juries would deliberate on a felony-firearm charge in addition to one or more other charges in a multi-count indictment, we direct that the people must always charge a defendant with at least one other felony offense when a defendant is charged with felony-firearm.

sion or the attempt to commit a felony an element
of the offense of felony-firearm, it does not make
conviction of a felony or of an attempt to commit a
felony an element of the offense. The statute is set
forth in the margin.[16]

The judge may and should instruct the jury that
a person cannot be convicted of felony-firearm
unless the jury finds that "he commit[ted] or at-
tempt[ed] to commit a felony". Because conviction
of a felony or of an attempt to commit a felony is
not an element of the offense, the jury may not be
instructed that it must convict of an underlying
felony in order to convict of felony-firearm.[17]

[16] "(1) A person who carries or has in his possession a firearm at the
time he commits or attempts to commit a felony, except the violation
of section 227 or section 227a, is guilty of a felony, and shall be
imprisoned for 2 years. Upon a second conviction under this section,
the person shall be imprisoned for 5 years. Upon a third or subse-
quent conviction under this section, the person shall be imprisoned
for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in
addition to the sentence imposed for the conviction of the felony or
the attempt to commit the felony, and shall be served consecutively
with and preceding any term of imprisonment imposed for the convic-
tion of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not
be suspended. The person subject to the sentence mandated by this
section shall not be eligible for parole or probation during the
mandatory term imposed pursuant to subsection (1)." MCL 750.227b;
MSA 28.424(2).

[17] In *Wayne County Prosecutor v Recorder's Court Judge,* fn 13
*supra,* p 418, I wrote in dissent:

"The instant statute contemplates the defendant's conviction of an
underlying felony as a condition precedent to his conviction of felony
firearm. Further, the jury was instructed in *Alexander* that convic-
tion of felony firearm depended on conviction of another felony.
Conviction of an underlying felony—without regard to whether a
formal element under the statute—was thus required for conviction of
the felony-firearm charge. A conviction born of another conviction is
uniquely within the proscription of the Double Jeopardy Clause
which, among other things, seeks to protect accused persons from
proliferation of convictions and punishments for the same offense."

Although the statute clearly "contemplated" that the defendant
would be convicted of an underlying felony, it did not make convic-
tion of an underlying felony an element of felony-firearm. And while

Reversed in *Lewis* and *Johnson,* and remanded for sentencing.

Affirmed in *Hunt.*

FITZGERALD, C.J., and WILLIAMS, COLEMAN, and RYAN, JJ., concurred with LEVIN, J.

KAVANAGH, J. *(dissenting).* As I read MCL 750.227b; MSA 28.424(2), a person cannot be found guilty of violating that statute unless he be found guilty of the commission of a felony or the attempt to commit a felony.

Lewis and Johnson should be released because they were found not guilty of the underlying felony. Hunt should be retried because his request for jury instructions was erroneously denied.

RILEY, J., took no part in the decision of this case.

---

the jury in *Alexander* was indeed instructed that conviction of felony-firearm "depended on conviction of another felony" and thus, if the jury in *Alexander* followed the instructions, conviction of the underlying felony was, in *Alexander,* required for conviction of the felony-firearm charge—"without regard to whether [conviction is] a formal element under the statute"—and thus, as a practical matter, conviction of felony-firearm "is born of another conviction", conviction nevertheless is not an element under the statute and is not an element of the offense.