PEOPLE v BAILEY

Docket No. 73210. Submitted December 13, 1984, at Detroit.—Decided May 7, 1985.

Defendant, John A. Bailey, was charged in the Recorder's Court for the City of Detroit with second-degree murder. Following a bench trial, defendant was found guilty of voluntary manslaughter but mentally ill, Justin C. Ravitz, J. Defendant appeals. *Held:*

1. There was sufficient evidence introduced at trial for the court to determine defendant sane.

2. The trial court's finding that defendant did not have the requisite intent for voluntary manslaughter was not clearly erroneous. Defendant's conviction for voluntary manslaughter is vacated and the case remanded to the trial court for entry of a conviction for involuntary manslaughter and resentencing thereon.

3. The guilty but mentally ill verdict is not violative of due process.

Reversed and remanded.

1. CRIMINAL LAW — DEFENSES — INSANITY — PRESUMPTIONS — BURDEN OF PROOF.

A defendant in a criminal proceeding is presumed sane, but once any evidence of insanity is introduced the prosecutor bears the burden of establishing defendant's sanity beyond a reasonable doubt.

2. CRIMINAL LAW — DEFENSES — INSANITY.

A person may be found insane under Michigan law as a result of either mental illness or mental retardation, however, a determination of insanity is not mandated merely because a person is mentally ill or retarded; in addition, it must be shown that the person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 74-77.

Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 17 ALR3d 146.

[3] 40 Am Jur 2d, Homicide § 10.

requirements of the law (MCL 330.1400a, 330.1500, 768.21a[1]; MSA 14.800[400a], 14.800[500], 28.1044[1]).

3. Homicide — Voluntary Manslaughter — Intent.

Voluntary manslaughter requires that the defendant have the intent to kill or an intent to do serious bodily harm (MCL 750.321; MSA 28.553).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: Gribbs, P.J., and MacKenzie and H. R. Gage,* JJ.

Per Curiam. Defendant was charged with second-degree murder in the beating death of his girlfriend. Following a bench trial, defendant was found guilty of voluntary manslaughter, but mentally ill, MCL 750.321; MSA 28.553 and MCL 768.36; MSA 28.1059. Defendant appeals as of right.

Defendant first argues that the prosecutor did not introduce sufficient evidence to rebut defendant's assertion that, due to his mental retardation, he was not criminally responsible for his actions. In other words, defendant contends that the prosecutor did not establish defendant's sanity beyond a reasonable doubt.

A defendant in a criminal proceeding is presumed sane. Once any evidence of insanity is introduced, however, the prosecutor bears the burden of establishing defendant's sanity beyond a

* Circuit judge, sitting on the Court of Appeals by assignment.

reasonable doubt. *People v Murphy,* 416 Mich 453, 463-464; 331 NW2d 152 (1982).

In the instant case, no testimony was received regarding defendant's criminal responsibility. Instead, both parties stipulated to the submission of reports prepared by their respective experts. The report prepared by defendant's expert indicates that defendant was mentally retarded but stops short of concluding that defendant was legally insane, *i.e.,* unable to either appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. MCL 768.21a(1); MSA 28.1044(1). The report prepared on behalf of the prosecution indicates that defendant was not mentally ill and, further, that he was not legally insane. This report did not, however, address the issue of defendant's retardation. Defendant therefore argues that the evidence presented by the state, while sufficient to rebut a claim of insanity based on *mental illness,* see MCL 330.1400a; MSA 14.800(400a), was wholly insufficient to rebut a claim of insanity based on *mental retardation,* see MCL 330.1500; MSA 14.800(500). We find this argument to be without merit.

Under Michigan law, a person may be found insane as a result of either mental illness or mental retardation. MCL 768.21a(1); MSA 28.1044(1). A determination of insanity is not mandated, however, merely because a person is mentally ill or retarded. In addition, it must be shown that the person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. Here, despite a finding that defendant was mentally ill, there was no evidence introduced to show that defendant was legally insane. The evidence of sanity introduced in the prosecution's report was sufficient to meet any inferences of

insanity that could be drawn from the report of defendant's expert. *Murphy, supra,* p 464. We therefore hold that there was sufficient evidence introduced at trial for the court to determine defendant sane.

We further hold, however, that based on the findings of the trial court, defendant is not guilty of voluntary manslaughter.

Voluntary manslaughter has been defined as requiring an intent to kill or an intent to do serious bodily harm. *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974); CJI 16:4:01. The trial court here specifically found, however, that defendant did not have the requisite intent:

"But on balance as I view it all I do find him criminally responsible. And I'm satisfied of that beyond a reasonable doubt and despite his mental retardation. I do believe that his condition should lead one, and does lead me, to conclude that not only did he *not* intend to murder or inflict great bodily harm at the time in question, but I also am hesitant to conclude that he did willfully and wantonly engage in conduct knowing that the possible or probable consequences of his conduct would be death and great bodily harm." (Emphasis added.)

After reviewing the record we cannot say that this finding is clearly erroneous. GCR 1963, 517.1. We therefore vacate defendant's conviction for voluntary manslaughter and remand this case to the trial court for entry of a conviction for involuntary manslaughter and resentencing thereon.

Defendant's third argument may be summarized as follows: that a verdict of guilty but mentally ill pursuant to MCL 768.36; MSA 28.1059 encourages the trier of fact to compromise between a verdict of not guilty by reason of insanity and guilty; that compromise verdicts are inappropriate in that they have no legitimate purpose in the guilt determination process; that the temptation to compro-

mise is greater on jurors than a judge; that the risk of a compromise verdict is therefore greater for a defendant who asserts his right to a jury trial; and that this burden unnecessarily chills a defendant's assertion of his constitutional right to a trial by jury and is therefore violative of due process.

This argument fails on several counts. First, we are not willing to concede that the existence of a verdict of guilty but mentally ill encourages compromise between verdicts of not guilty by reason of insanity and guilty. Second, even if such a statement were true in the abstract, it proves too much. By this reasoning, instructions on lesser included offenses would be impermissible as encouraging compromise between a finding of guilt on the crime charged and a finding of not guilty. Rather, such instructions, by disclosing the full spectrum of criminal responsibility, may afford the jurors a better understanding of the gradation of responsibility in the law of homicide and thereby help their assessment of the case. *People v Rochowiak,* 416 Mich 235, 248; 330 NW2d 669 (1982). Third, defendant overlooks the possibility that such a "compromise" is motivated by jury leniency. See *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980); *People v Lewis,* 415 Mich 443, 449; 330 NW2d 16 (1982). Fourth, even were we to grant defendant the above arguments, we would find that any chilling effect on defendant's right to trial by jury is minimal and therefore constitutionally permissible. See *People v Minier,* 100 Mich App 114, 116-120; 299 NW2d 383 (1980), *lv den* 411 Mich 902 (1981). Finally, defendant here does not contend that his jury waiver was actually premised on the possibility of jury compromise. We therefore conclude that the guilty but mentally ill verdict is not violative of due process.

Reversed and remanded.