# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES DAMON JONES,

        Defendant-Appellant.

UNPUBLISHED
January 12, 2017

No. 324384
Wayne Circuit Court
LC No. 12-000948-FC

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

SAWYER, J. (*concurring in part and dissenting in part*).

I concur with the majority's opinion, except for part V. While I agree with the majority's conclusion in part V that there was sufficient evidence to support his conviction for second-degree murder and the trial court properly denied a directed verdict, I dissent as to the majority's conclusion in part V that defendant is entitled to a new trial based upon inconsistent verdicts. [1]

While the majority acknowledges that inconsistent verdicts are not a basis to reverse a conviction, it looks to the Supreme Court's decision in *People v Lewis*, 415 Mich 443; 330 NW2d 16 (1982), and this Court's decision in *People v McKinley*, 168 Mich App 496; 425 NW2d 460 (1988), in support of its conclusion that reversal is required based upon jury confusion. I disagree with this assessment.

First, I believe that care must be taken in deciding how much can be read into the Court's decision in *Lewis*. In *Lewis*, Justice LEVIN identified three possible explanations for an inconsistent jury verdict: (1) jury leniency, (2) jury compromise and (3) jury confusion. 415 Mich at 450. The opinion goes on to state that, if it is a case of jury leniency, the defendant has no reason to complain as there is no prejudice to the defendant. 415 Mich at 451. As to the issue

---

[1] I also agree with the majority that we must reject the offer in defendant's brief to waive any double jeopardy issue in order to obtain a new trial. I am not aware of any authority that would support a decision in a defendant's favor conditioned upon the defendant's waiving a constitutional right, such as the protection against double jeopardy. That is, if defendant were entitled to a new trial on the second-degree murder charge because of the inconsistent verdicts, I am not aware of any authority to allow us to condition actually receiving that new trial upon his waiving the double jeopardy issue.

of jury compromise, the Court acknowledged that, at least in theory, it potentially represents prejudice to the defendant because some jurors, in reaching the compromise, did not actually believe that the defendant is guilty of the offense for which he was convicted. 415 Mich at 451-452. But, because it is impossible to determine whether it was a case of jury leniency or jury compromise, there is no remedy because the Court cannot enforce only part of the verdict. 415 Mich at 453.

This leaves jury confusion. *Lewis*, 415 Mich at 450-451 n 9, explains the potential problem with a confused verdict:

> Another view of the jury's verdict is that the jury was confused, did not understand the instructions, and did not know what it was doing. If that is what occurred, then the confusion taints the verdict finding the defendant not guilty of the underlying felony as well as the verdict finding him guilty of felony-firearm. Jury confusion is not a reason to set aside the verdict of conviction and to uphold the verdict of acquittal, but rather would argue for setting aside both verdicts, with a new trial on both charges.

This Court in *McKinley*, relying upon *Lewis*, did acknowledge that inconsistent verdicts *might* be the basis for reversal if jury confusion was evident. *McKinley*, 168 Mich App at 496.

But I am unwilling to rely on either of those cases to conclude that a conviction may be set aside based upon jury confusion resulting in inconsistent verdicts. First, in neither *Lewis* nor *McKinley* were the cases resolved based upon a finding of jury confusion. Indeed, in both cases, the convictions were upheld. Thus, any discussion in those cases regarding jury confusion is mere dicta.

Second, in looking at Justice LEVIN's discussion of jury confusion in *Lewis*, it is not at all clear that the Court even concluded, albeit in dicta, that jury confusion was a basis for reversal where there is an inconsistent verdict. In footnote 9, Justice LEVIN discusses jury confusion and states that jury confusion would taint both the verdict of acquittal as well as the conviction. Justice LEVIN, 415 Mich at 450 n 9, then states what he would view as the remedy in such cases:

> Jury confusion is not a reason to set aside the verdict of conviction and to uphold the verdict of acquittal, but rather would argue for setting aside both verdicts, with a new trial on both charges.

But there are problems with looking to this sentence to establish a rule of law that allows for reversal in such cases. First, it is worded in a very conditional syntax, that jury confusion "would argue for" and not "would require." That is, the discussion in footnote 9 of jury confusion reflects the Court's speculation as to the argument, not its resolution of the argument.

But perhaps the more important problem is Justice LEVIN's speculative remedy: retrial on all charges involved in the inconsistent verdict, including those upon which the defendant was acquitted. Very clearly such a remedy would violate the prohibition against double jeopardy. In *Evans v Michigan*, ___ US ___; 133 S Ct 1069; 185 L Ed 2d 124 (2013), the Supreme Court addressed the double jeopardy implications of a trial judge directing a verdict of acquittal based upon an erroneous view of the elements of the crime. This Court reversed and remanded for a

new trial, which decision was upheld by the Michigan Supreme Court, on the basis that retrial was not precluded because it did not constitute an acquittal for double jeopardy purposes. 133 S Ct at 1073-1074.

The United States Supreme Court reversed, concluding that the Double Jeopardy Clause prohibited retrial. The Court succinctly stated that an acquittal always bars retrial: "A mistaken acquittal is an acquittal nonetheless, and we have long held that '[a] verdict of acquittal . . . could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' *United States v Ball*, 163 US 662, 671; 16 S Ct 1192; 41 L Ed 300 (1896)." The Court also emphasized that an acquittal, "however mistaken the acquittal may have been," precludes retrial. *Evans*, 133 S Ct at 1075. Moreover, while the case involves an analysis of a trial court's error in directing an acquittal, the Court also spoke as to the effect of a jury verdict of acquittal: "There is no question that a jury verdict of acquittal precludes retrial, and thus bars appeal of any legal error that may have led to that acquittal." 133 S Ct at 1080.

In our case, as well as any case premised upon inconsistent jury verdicts, the jury returned a verdict of acquittal on some of the charges. *Evans* makes it very clear that retrial on those charges is prohibited. Indeed, if a legal error by a trial judge resulting in an erroneous directed verdict of acquittal precludes retrial, then clearly any actual verdict of acquittal by a jury must preclude retrial.

This then leads me back to Justice LEVIN's comments regarding a confused verdict and his suggestion that an argument based upon jury confusion "is not a reason to set aside the verdict of conviction and to uphold the verdict of acquittal, but rather would argue for setting aside both verdicts, with a new trial on both charges." *Lewis*, 415 Mich at 450 n 9. The suggestion that a defendant could be retried on the charges for which he was acquitted flies in the face of well-established double jeopardy jurisprudence that goes back to the 19th century. This leads me to two possible conclusions regarding footnote 9. First, we could conclude that Justice LEVIN overlooked, or was grossly mistaken, as to the potential double jeopardy implications of his suggested remedy. Or, second, that Justice LEVIN was making a *reducto ad absurdum* argument. That is, the better way to read footnote 9 is that Justice LEVIN was saying, "If we accept the defendant's argument that a confused verdict requires a new trial on the charge for which he is convicted, then it would also require a retrial on the charge for which he was acquitted, which of course cannot happen." I prefer to give Justice LEVIN the benefit of the doubt that the second interpretation of footnote 9 is the correct one. Therefore, I conclude that there is no basis for reversing a conviction based upon inconsistent verdicts caused by jury confusion.

Next, I turn to the majority's reliance on *People v Graves*, 458 Mich 476; 581 NW2d 229 (1998), for the proposition that jury confusion is sufficient to establish jury compromise and entitles a defendant to a new trial. I disagree with the majority's characterization of *Graves*. First, the context of the Court's decision in *Graves* is significantly different than with our case. In *Graves*, the defendant was charged with first-degree murder. The trial court denied a motion for directed verdict on the first-degree murder charge, but the jury was also instructed on second-degree murder and voluntary manslaughter as lesser offenses and the jury convicted the defendant of voluntary manslaughter. 458 Mich at 478. The defendant argued that the trial court erred in submitting the first-degree murder to the jury and, therefore, under the automatic

-3-

reversal rule of *People v Vail*, 393 Mich 460, 464; 227 NW2d 535 (1975), he was entitled to a new trial. The Supreme Court granted leave in order to consider whether it should overrule *Vail*. 458 Mich at 479. The Court did, in fact, overrule *Vail*, concluding that the harmless error analysis of *People v Gearns*, 457 Mich 170; 577 NW2d 222 (1998), should be employed. *Graves*, 458 Mich at 483.

The *Graves* Court's reference to jury compromise and confusion comes not in the context of inconsistent verdicts, but in whether it was, in fact, harmless error to submit the greater, unwarranted charge to the jury, even though the jury convicted on a lesser offense. In limited circumstances, the Court, 458 Mich at 487-488, acknowledged that jury compromise, perhaps based on jury confusion, can be a basis for concluding that the instructional error was not harmless:

> If, however, sufficiently persuasive indicia of jury compromise are present, reversal may be warranted in certain circumstances. That is to say, a different result *may* be reached, under a *Gearns* review, where the jury is presented an erroneous instruction, and: 1) logically irreconcilable verdicts are returned, or 2) there is clear record evidence of unresolved jury confusion, or 3) as the prosecution concedes in the alternative, where a defendant is convicted of the next-lesser offense after the improperly submitted greater offense.

But this principle is irrelevant to our case as the majority is not invoking it in the context of determining whether an instructional error was harmless. Indeed, *Graves* makes it clear that to apply this principle, there must be an instructional error along with one of the other factors (one of which is a clear record of jury confusion). And, even then, that would not lead to the conclusion that the defendant is entitled to a new trial based solely on the possibility of jury confusion or compromise. Rather, it would lead to the conclusion that it is not possible to conclude that submitting the unwarranted higher charge to the jury was harmless error despite the fact that the jury convicted on the lesser offense. Accordingly, I find the majority's reliance on *Graves* misplaced.

For these reasons, I conclude that there is no basis for reversing defendant's conviction for second-degree murder based upon inconsistent verdicts.

I would affirm.


/s/ David H. Sawyer

-4-