# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RENISHA RENEE LONDON,

Defendant-Appellant.

UNPUBLISHED
August 15, 2017

No. 332586
Kalamazoo Circuit Court
LC No. 2015-001324-FH

Before: HOEKSTRA, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right her conviction following a jury trial of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. She was sentenced to time served with respect to the felonious assault conviction and to two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant assaulted the female victim with a handgun. The victim testified that in September 2015, she and defendant had an argument that devolved into a physical confrontation. According to the victim, defendant kept demanding that she give up her car keys. The victim testified that at one point during the ongoing fight, she observed defendant holding a gun. The victim claimed that the fight culminated in defendant directly threatening to shoot her with the gun.

At the close of trial, the trial court instructed the jury on the elements of felonious assault and the lesser misdemeanor offense of assault and battery. The court then instructed the jury on the felony-firearm charge, specifying that felonious assault was the predicate felony. Consistent with M Crim JI 11.34(3) and *People v Lewis*, 415 Mich 443, 454-455; 330 NW2d 16 (1982), the trial court instructed the jury that it was not necessary that defendant be convicted of felonious assault in order to convict her of felony-firearm.

The trial court subsequently instructed the jury on how to use the verdict form. Pertinent to this appeal, the court gave the following direction:

> Now . . . there is one special aspect of this, if you check the guilty of a less serious offense of assault and battery, then you can't check felony firearm. You either have to check the not guilty box and then you can find—you can still find

-1-

guilty of felony firearm or guilty of assault with a dangerous weapon you can check guilty of felony firearm, but if you find the less serious offense, you can't find guilty on the felony firearm.

Following the verdict, defendant moved for a new trial, arguing that the trial court erred by instructing the jury that it could not convict defendant of felony-firearm if it convicted her of misdemeanor assault and battery. The court denied the motion, reasoning as follows:

> The [c]ourt indicated that if [the jury] checked the guilty of assault and battery [box], then . . . essentially that it took the felony firearm off the table. That's incorrect, as cited by counsel. It would be correct in a bench trial, as indicated by the case law provided by appellate counsel but it would be incorrect with a jury who can make inconsistent findings . . . .

> [I] think it does matter though that she got an instruction that was more favorable than that to which she was entitled. Because of that, I cannot say that the error . . . rise[s] to the level of a miscarriage of justice. . . .

On appeal, defendant argues that she should be granted a new trial because of the instructional error. The prosecution goes straight to harmless-error analysis pursuant to MCL 769.26 and *People v Lukity*, 460 Mich 484, 493-494; 596 NW2d 607 (1999).

Before the jury was instructed in regard to the use of the verdict form, the trial court asked both attorneys if they had any "additions, deletions, or corrections to the jury instructions" already given, to which both responded that they did not. The court repeated this inquiry following its instructions on how to use the verdict form, and again both attorneys responded in the negative. Thus, defendant waived review of the issue on appeal. *People v Matuszak*, 263 Mich App 42, 57; 687 NW2d 342 (2004). She does not bootstrap a claim of ineffective assistance of counsel.[1]

Moreover, even if the claim of error was properly preserved, reversal would not be warranted under the circumstances of the case. MCL 769.26 provides that "[n]o judgment or verdict shall be set aside or reversed or a new trial be granted . . . in any criminal case, on the ground of misdirection of the jury, . . . unless . . . it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." Here, there was no miscarriage of justice. Simply put, the instructional error favored or benefited defendant, taking felony-firearm off the table had the jury convicted her of assault and battery. Indeed, a careful examination of defendant's appellate brief does not reveal any specific claim of prejudice, although lack of prejudice formed the basis of the trial court's ruling on the motion for new trial. There is no logical argument to be made that the instructional error somehow could have resulted in the jury

---

[1] Contrary to defendant's argument on appeal, she did not preserve the issue by arguing it in the motion for new trial. And a waiver at trial is not eradicated by a post-trial claim of error in the lower court.

improperly finding defendant guilty of felonious assault or felony-firearm, for which crimes, we note, there was more than sufficient supporting evidence.

Affirmed.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Kirsten Frank Kelly