*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ADEOLA ADELANWA,

Defendant-Appellant.

UNPUBLISHED
October 07, 2024
11:07 AM

No. 366979
Wayne Circuit Court
LC No. 20-004213-01-FC

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of possessing a firearm while committing or attempting to commit a felony ("felony-firearm"), for which he was sentenced to two years' imprisonment. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The facts from trial demonstrate that defendant and his brother, Immanuel Wesley,[1] got into a verbal altercation with the victim at defendant's house. After the altercation became physical, and as the victim attempted to drive away from the house, Wesley shot at the victim's car and struck the victim in the shoulder. Defendant was charged with assault with intent to murder, MCL 750.83; assault with intent to do great bodily harm less than murder, MCL 750.84; carrying a dangerous weapon with unlawful intent, MCL 750.226; and three counts of felony-firearm associated with each of the felonies, MCL 750.227b. The jury found defendant not guilty of the predicate felonies and two of the felony-firearm charges, but did find defendant guilty of felony-firearm associated with the charge of carrying a dangerous weapon with unlawful intent. Defendant was sentenced to two years' imprisonment, and this appeal followed.

## II. STANDARD OF REVIEW

---

[1] Wesley was a codefendant in the criminal proceedings below but is not a party to this appeal.

-1-

To preserve an issue for appellate review, defendant must first raise the issue in the trial court. *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). In the trial court, defendant did not argue that the jury's verdict was inconsistent or that *People v Lewis*, 415 Mich 443, 454; 330 NW2d 16 (1982), was wrongly decided. As a result, defendant's arguments are unpreserved, and our review is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.*

## III. ANALYSIS

Defendant argues his conviction of felony-firearm should be vacated because he was acquitted of the predicate felony. Defendant also argues the case of *People v Lewis*, 415 Mich 443, 454; 330 NW2d 16 (1982) was wrongly decided. Because, as defendant acknowledges, this Court lacks the authority to overrule decisions of our Supreme Court, we affirm.

In *Lewis*, the Michigan Supreme Court held that a jury may find a defendant guilty of felony-firearm without convicting the defendant of the predicate felony, stating to rule otherwise would be inconsistent with "the legislative purpose in enacting the felony-firearm statute . . . ." *Id.* at 454. Defendant argues that the Supreme Court erred because its decision did not comport with the plain language of MCL 750.227b(3), which states that felony-firearm convictions "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony." Defendant maintains MCL 750.227b(3) requires a defendant to have a sentence imposed from a predicate felony conviction to sustain or allow a felony-firearm conviction.

We cannot consider the substance of defendant's argument because, as defendant acknowledges, the Court lacks the authority to review or alter a decision from the Supreme Court. See *People v Adamowicz (On Second Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 330612), slip op at 3-4 (stating that this Court is bound to apply Michigan Supreme Court precedent that has not been reversed or modified). *Lewis* has not been overruled or superseded, and this Court lacks the authority to review it. *Adamowicz*, ___ Mich App at ___, slip op at 3-4.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett