**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0187n.06
Filed: March 12, 2007

**No. 05-2192**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **MIKAEL PATTERSON**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **PATRICIA CARUSO**, | ) | **O P I N I O N** |
| | ) | |
| *Respondent-Appellee*. | ) | |

BEFORE:    COLE, CLAY, and GILMAN, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Petitioner Mikael Patterson appeals the district court's

denial of his petition for a writ of habeas corpus. Patterson argues that his federal due process rights

were violated by an erroneous jury instruction in his Michigan state-court trial. For the reasons

described below, we **AFFIRM** the district court's judgment denying Patterson habeas relief.

**I. BACKGROUND**

In 2001, a Michigan jury convicted Patterson of one misdemeanor count of intentionally

aiming a firearm at a person without malice in violation of Michigan Compiled Laws ("MCL") §

750.233, and one count of possessing a firearm during the commission or attempted commission of

a felony ("felony-firearm"), in violation of MCL § 750.227b. Patterson was sentenced to three days

of incarceration on the misdemeanor conviction, with credit for time served, and two years for the

felony-firearm conviction.

Patterson's conviction stemmed from an event that occurred on the evening of December 16, 2000, in Detroit, Michigan. Patterson and his co-defendant, Damone Fawcett, were trained bail bondsmen who were searching the streets for a man who jumped bail in Arizona and was believed to be in Detroit. Consistent with his bail-bondsman training, Patterson had flagged down a Detroit police officer earlier in the evening to advise local law enforcement that he and Fawcett were in the community actively looking for their Arizona fugitive.

While in the vicinity of Harper and Phillip Streets, where the fugitive was believed to be, Patterson and Fawcett saw two armed white men walking through an alley, and saw one of them point his gun at the window of an after-hours club. Patterson and Fawcett thought they had found their fugitive. They told the men to "freeze." Fawcett pointed a gun at them and Patterson pointed his gun at the ground. The men shouted that they were Detroit police officers, so Fawcett and Patterson lowered their weapons. The officers then arrested them.

At Patterson's trial, the judge instructed the jury on three offenses, including assault with a dangerous weapon, intentionally pointing a firearm without malice, and felony firearm. As to the felony-firearm charge, the judge instructed as follows:

> The Defendants are also charged with the separate crime of Possessing a Firearm at the time that they committed, or attempted to commit the crime of Assault with a Dangerous Weapon. To prove this charge the Prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the Defendants committed, or attempted to commit the crime of Assault with a Dangerous Weapon, which has been defined for you. Second, that at the time the Defendants committed or attempted to commit the crime of Assault with a Dangerous Weapon they knowingly carried, or possessed a

firearm.

(Joint Appendix ("JA") at 14.)

The judge initially instructed the jurors that if they found Patterson guilty of the lesser included offense of intentionally pointing a firearm without malice, then they should not find Patterson guilty of felony-firearm. During their deliberations, the jurors sent a note to the judge asking: "Judge, could you clarify Count 1, guilty of intentionally pointing a firearm without malice. The question is whether or not we can still find the defendant, Mikael Patterson, can be charged with felony firearm, Count II." (JA at 60.)

In response, the prosecutor reminded the judge of his previous instruction to the jury. The prosecutor explained that he had reviewed Michigan law on the elements of felony-firearm after the judge originally charged the jury, and realized that the judge's instructions inaccurately described Michigan law. Contrary to the judge's original instructions, the jury did not have to convict Patterson of an underlying felony in order to convict him of felony-firearm. The judge then clarified his instructions to the jury:

> Let me, and I might have thrown you off a little bit, but let me read to you, let me read to you the instruction, and you have the instructions also in there. The one that talks about possession of a firearm at the time of the commission or attempt to commit a felony, and I'm going to read to you, and then you should follow this instruction.
> The defendants are charged with the separate crime of possessing a firearm at the time they committed or attempted to commit the felony of assault, felonious assault – assault with a dangerous weapon. Let me read that again.
> The defendants are also charged with the separate crime of possessing a firearm at the time that they committed or attempted to commit the crime of assault with a dangerous weapon. That's the

first part. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt.

First, that the defendants committed or attempted to commit the crime of assault with a dangerous weapon, which has been defined for you. It is not necessary, however, that the defendants be convicted of that crime.

Second, that at the time the defendants committed or attempted to commit the crime of assault with intent – assault with a dangerous weapon, they knowingly carried or possessed a firearm.

(JA at 62-63.)

The jury then continued deliberating and ultimately returned a verdict convicting Patterson of intentionally aiming a firearm without malice and of felony-firearm. Patterson appealed his conviction to Michigan's intermediate appellate court. That court affirmed Patterson's conviction but remanded the case for entry of an order requiring the sentences to run concurrently. The Michigan Supreme Court denied leave to appeal the judgment of the court of appeals. Once his state remedies were exhausted, Patterson filed a petition for habeas relief in the district court.

## II. DISCUSSION

### A.     Standard of Review

This Court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Brown v. Palmer*, 441 F.3d 347, 350 (6th Cir. 2006). Because Patterson filed his petition for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is governed by AEDPA's standards. *Joseph v. Coyle*, 469 F.3d 441, 449 (6th Cir. 2006). "Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a 'claim that was adjudicated on the merits in State court proceedings' if the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)).

**B.      Merits**

Patterson asserts two arguments on appeal.  First, he contends that his due process rights were violated when the state trial judge (i) failed to instruct the jury that they had to convict him of the felony assault charge in order to convict him of the felony-firearm charge, and (ii) failed to clarify that the lesser included offense of intentionally pointing a firearm without malice is a misdemeanor, not a felony.  Second, Patterson argues that the district court improperly relied on the law of Guam, rather than Michigan law, in denying his habeas petition.  Neither argument has merit.

1.      <u>Michigan permits inconsistent verdicts.</u>

As an initial matter, the parties dispute whether Patterson has procedurally defaulted his due process argument by failing to object to the state court's jury instructions.  The district court declined to analyze the procedural-default question because it concluded that Patterson's claim could be adjudicated more efficiently on the merits.  We agree. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (stating that "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits").

The district court correctly observed that Patterson bears a heavy burden in seeking federal habeas relief on the basis of an allegedly improper state-court jury instruction. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  Generally, the question of whether a jury instruction is a violation of state

law is not a proper subject for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted); *see also Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) (stating that "mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Thus, in order to obtain habeas relief on the basis of an improper state-court jury instruction, a petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." *Henderson*, 431 U.S. at 154 (citations and internal quotation marks omitted).

Patterson has not met this burden. His claim that the state court erred by incorrectly instructing the jury on the elements of felony-firearm amounts to no more than an alleged violation of state law. Moreover, he cannot show that a state-law violation occurred, let alone that this violation "so infected the entire trial" as to rise to the level of federal constitutional significance, because the trial judge's supplemental jury instructions were an accurate statement of Michigan law.

In *People v. Lewis*, 330 N.W.2d 16, 20-21 (Mich. 1982), the Michigan Supreme Court ruled that a felony conviction is not an element of the offense of felony-firearm. In other words, a jury may return inconsistent verdicts, acquitting a defendant of a felony charge, but nonetheless convicting him of felony-firearm. Although juries should be instructed that they must still find that a defendant committed or attempted to commit a felony in order to convict on a felony-firearm charge, juries "may not be instructed that [they] must convict of an underlying felony in order to convict of felony-firearm." *Id.* at 21. The *Lewis* court reasoned that inconsistent verdicts are

permissible because it is within the power of juries to compromise in reaching verdicts or exercise leniency. *Id.* at 19; *see also People v. Vaughn*, 295 N.W.2d 354, 355 (Mich. 1980) ("Since we are unable to know just how the jurors reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release."). Thus, Patterson misconstrues Michigan law when he argues that he could not be convicted of felony-firearm where he was acquitted of the underlying felony.

Patterson also cannot establish his entitlement to federal habeas relief by arguing that the state trial judge had a duty to explain to the jurors that the lesser-included offense of intentionally pointing a firearm without malice is a misdemeanor and could not form the basis for a felony-firearm conviction. This too is merely an assertion of a state-law violation that is not a proper basis for granting federal habeas relief. Furthermore, Michigan law does not support Patterson's contention.

In *People v. Bonham*, 451 N.W.2d 530, 532 (Mich. Ct. App. 1989), the defendant, like Patterson, was convicted of a lesser-included misdemeanor offense and felony firearm. The *Bonham* court held that the trial court was not obligated to specifically instruct the jury that the misdemeanor offense could not form the basis for the felony-firearm conviction, and that it was sufficient that the trial court identified which felonies could form that basis. *Cf. People v. Baker*, 523 N.W.2d 882 (Mich. Ct. App. 1994) (vacating felony-firearm conviction where the trial court erroneously instructed the jurors that a misdemeanor offense could form the basis for a felony-firearm conviction). The same is true here. Patterson was charged with a felony (assault with a dangerous weapon) and the trial judge properly instructed the jury that it had to find that Patterson committed

or attempted to commit that offense, even if the jury did not convict Patterson for it, in order to find

him guilty of felony-firearm:

> [t]o prove this charge [felony-firearm], the prosecutor must prove
> each of the following elements beyond a reasonable doubt. First, that
> the defendants committed or attempted to commit the crime of assault
> with a dangerous weapon, which has been defined for you. It is not
> necessary, however, that the defendants be convicted of that crime.

(JA at 62-63.)

Patterson has not shown that the jury instructions constituted a violation of Michigan state

law, nor has he otherwise carried his heavy burden of showing that they violated his federal due

process rights. Accordingly, the district court properly denied Patterson habeas relief.

2.      The district court relied on applicable case law in denying Patterson's petition.

Patterson argues that the district court relied on the law of Guam, rather than Michigan law,

in adjudicating his petition. Patterson is wrong. The district court correctly ascertained and applied

Michigan law, as shown by the court's discussion of the Michigan court of appeals's decision in

Patterson's case, as well as the court's explanation of the elements of the felony-firearm offense

under Michigan law. Although the district court cited a Ninth Circuit case involving Guam law, the

court did so only as additional support for its conclusion that Patterson's due process rights were not

infringed by the trial court's failure to instruct the jury that the lesser-included offense was a

misdemeanor and not a felony. Accordingly, there is no basis for holding that the district court relied

on irrelevant law, from Guam or anywhere else, in adjudicating Patterson's habeas petition.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court dismissing

Patterson's habeas petition.