*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DERRICK DARNELL ARCHIE-MORRIS, JR.,

      Defendant-Appellant.

UNPUBLISHED
August 1, 2024

No. 365040
Kent Circuit Court
LC No. 21-002851-FC

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f; carrying a concealed weapon, MCL 750.227; and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The circuit court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve concurrent terms of 24 to 120 months' imprisonment for his felon-in-possession and carrying a concealed weapon convictions. He was also sentenced to concurrent terms of 24 months' imprisonment, consecutive to his other sentences, for each felony-firearm count. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case stems from the fatal shooting of Giovanni Alvelo in November 2020. Jaylen Ruffin, a friend of defendant's, was initially the main suspect in the shooting because he and Alvelo were known to run in rival gangs. Police later became aware that defendant was also involved in the shooting based a proffer statement that defendant provided to the prosecution in exchange for use immunity. Defendant was subsequently arrested and charged with open murder, MCL 750.316;[1] discharging a firearm from a vehicle causing death, MCL 750.234a(1)(d); felon-in-possession, carrying a concealed weapon, and two counts of felony-firearm.

---

[1] The prosecution later moved to dismiss this charge.

Portions of defendant's proffer statement were admitted at defendant's preliminary examination. The case was bound over to the circuit court where defendant moved to quash the bindover and dismiss the information or to remand the matter to the district court. According to defendant, the district court's decision to bind the case over was made on the basis of inadmissible evidence, namely, statements defendant made during his proffer interview. The circuit court concluded that defendant did not breach the terms of his proffer agreement and, therefore, his proffer statements were inadmissible. The circuit court quashed the bindover and remanded the case to the district court, but did not dismiss the charges against defendant. Additional evidence was presented at a second preliminary examination and the case was again bound over to the circuit court.

At trial, defendant testified on his own behalf, admitting that he fired the fatal shot. He asserted that he fired his gun in self-defense after Alvelo shot at the car he was in. The jury acquitted defendant for the offense of discharging a firearm from a vehicle causing death, but convicted him of the remaining charges. This appeal followed.

## II. MOTION TO QUASH

Defendant first argues that the circuit court erred by failing to dismiss the charges against him. We disagree.

## A. STANDARD OF REVIEW

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). "[A]n abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006) (citation omitted). "A district court must bind over a defendant for trial when the prosecutor presents competent evidence constituting probable cause to believe that a felony was committed and that the defendant committed the offense." *Jenkins*, 244 Mich App at 14, citing MCL 766.13. "A district court's finding of probable cause will not be disturbed unless the determination is wholly unjustified by the record." *Jenkins*, 244 Mich App at 14.

## B. LAW AND ANALYSIS

The "purpose of [a] preliminary examination is to admit evidence on each element of a crime and to establish probable cause to believe that the defendant committed that crime." *People v Olney*, 333 Mich App 575, 582; 963 NW2d 383 (2020). Therefore, "[a]t a preliminary examination, the prosecution must present evidence establishing that the defendant committed the charged offense, and the district court must find that probable cause exists to bind over a defendant for trial." *People v Fairey*, 325 Mich App 645, 648-649; 928 NW2d 705 (2018). "To satisfy this burden, the prosecution must present evidence of each and every element of the charged offense, or enough evidence from which an element may be inferred." *Id*. at 649. Notably, "[i]dentity is an essential element of every crime[,]" and, therefore, "to warrant a bindover, the prosecution must produce evidence that a crime was committed and that probable cause exists to believe that the charged defendant committed it." *Id*. "Probable cause is established if the evidence would

persuade a careful and reasonable person to believe in the defendant's guilt." *Id*. "Evidence supporting that the defendant perpetrated the crime may be circumstantial[.]" *Id*. However, it must be legally admissible and should "demonstrate reasonable grounds to suspect the defendant's personal guilt." *Id*. "[I]f it appears to the district court that there is probable cause to believe that a felony was committed and that the defendant committed it, the court must bind the defendant over for trial." *People v Waltonen*, 272 Mich App 678, 684; 728 NW2d 881 (2006), citing MCL 766.13 and MCR 6.110(E).

In his motion to quash, defendant argued the prosecution improperly used his proffer statement against him during the first preliminary examination. He thus requested that the circuit court "quash the bindover and dismiss the information *or* remand to the district court." (Emphasis added.) Now on appeal, defendant argues that the remand was in error and, instead, the circuit court should have dismissed the charges entirely. "[A] party may not harbor error at trial and then use that error as an appellate parachute[.]" *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010). Because defendant's relief sought included the option to remand the case to the district court, his present argument assigning error to the remand is an appellate parachute which we decline to examine on appeal.

But, even if we did consider defendant's argument, it lacks merit. MCR 6.110(H) provides: "If, on proper motion, the trial court finds a violation of subrule (C), (D), (E), or (F), it must *either* dismiss the information or remand the case to the district court for further proceedings." (Emphasis added). Here, the circuit court remanded the case because it concluded that the district court had used inadmissible evidence to bind defendant over for trial, which implicated subrule (E) of MCR 6.110. It was therefore well within the circuit court's discretion to remand the case to the district court for another preliminary examination.

## III. INCONSISTENT JURY VERDICTS

Defendant next argues that the jury rendered impermissible, inconsistent verdicts. He believes the felony-firearm convictions are invalid because he was acquitted of the underlying felony of discharging a firearm from a vehicle causing death. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews de novo questions regarding inconsistent verdicts, which are constitutional issues." *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012).

### B. LAW AND ANALYSIS

Jury verdicts are "considered inconsistent when the verdicts cannot rationally be reconciled." *People v Montague*, 338 Mich App 29, 51; 979 NW2d 406 (2021) (quotation marks and citation omitted). Our Supreme Court has recognized that "jury verdicts rendered on several counts of a multicount indictment need not necessarily be consistent." *People v Vaughn*, 409 Mich 463, 465-466; 295 NW2d 354 (1980). This is because "[j]uries are not held to any rules of logic nor are they required to explain their decisions." *Id*. at 466. Accordingly, "inconsistent verdicts within a single jury trial are permissible and do not require reversal[]" absent a showing "that the jury was confused, that they misunderstood the instructions, or that [they] engaged in an impermissible compromise." *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015).

Our Supreme Court has examined inconsistent verdicts specifically in the context of felony-firearm convictions, concluding that a jury conviction of felony-firearm accompanied by an acquittal of the underlying felony does not invalidate the felony-firearm conviction. *People v Lewis*, 415 Mich 443, 448; 330 NW2d 16 (1982). The *Lewis* defendants sought to have their felony-firearm convictions reversed, arguing that the language of MCL 750.227b rendered a conviction of the underlying felony a prerequisite for imposition of a sentence for felony-firearm. *Id*. at 453. In rejecting this argument, our Supreme Court noted that the Legislature made the "commission or the attempt to commit a felony[,] not a conviction of a felony[,] an element of felony-firearm." *Id*. It concluded:

> It would not be consistent with the legislative purpose in enacting the felony-firearm statute to conclude that it intended that a felony-firearm conviction be set aside and no punishment at all be imposed in a case where the jury, extending leniency or compromising, failed to convict of the underlying felony, but did convict of felony-firearm. [*Id*. at 454.]

In addition, this Court has held that, "in the compound-felony setting, the jury is fully instructed on the elements of both offenses and is therefore aware that conviction of a compound felony is logically inconsistent with acquittal of the predicate felony." *People v McKewen*, 326 Mich App 342, 354; 926 NW2d 888 (2018). Accordingly, if jurors "nevertheless choose to enter inconsistent verdicts, they may do so, and that conviction will stand." *Id*.

Here, the jury convicted defendant of felony-firearm, but acquitted him of the underlying felony. While defendant believes such an inconsistent verdict should not be permitted, our jurisprudence has made clear that inconsistent verdicts in the context of felony-firearm convictions do not invalidate those convictions. *Lewis*, 415 Mich at 446. Defendant also fails to provide evidence that the jury was confused, misunderstood the instructions, or engaged in impermissible compromise that would render this otherwise valid verdict improper. See *Putman*, 309 Mich App at 251. Instead, defendant asserts that our Supreme Court's holding in *Lewis* should be reexamined, arguing it is illogical. But, "[t]his Court is bound to follow decisions of our Supreme Court[,]" *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011), and "only [our] Supreme Court has the authority to overrule its own decisions." *People v Crockran*, 292 Mich App 253, 256; 808 NW2d 499 (2011). Thus, we reject defendant's request to do so in this appeal.

## IV. DOUBLE JEOPARDY

Defendant lastly argues that his convictions of felon-in-possession and felony-firearm stemming from the same gun possession violate the Double Jeopardy Clauses of the United States and Michigan Constitutions. We disagree.

## A. STANDARD OF REVIEW

"A challenge under the double jeopardy clauses of the federal and state constitutions presents a question of law that this Court reviews de novo." *People v Calloway*, 469 Mich 448, 450; 671 NW2d 733 (2003).

## B. LAW AND ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" US Const, Am V. The Michigan Constitution similarly provides that no person shall "be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15. Our Supreme Court has interpreted the Michigan Constitution's Double Jeopardy Clause "consistently with the federal provision." *People v Wafer*, 509 Mich 31, 37; 983 NW2d 315 (2022). "The double jeopardy clauses of the United States and Michigan constitutions protect against governmental abuses for both (1) multiple prosecutions for the same offense after a conviction or acquittal and (2) multiple punishments for the same offense." *Calloway*, 469 Mich at 450. Defendant's claim involves the latter circumstance—multiple punishments stemming from the same offense.

Michigan caselaw has extensively considered whether convictions for felony-firearm and felon-in-possession constitute multiple punishments arising from the same offense. See, e.g., *Wafer*, 509 Mich at 39; *People v Mitchell*, 456 Mich 693, 695; 575 NW2d 283 (1998). Indeed, this Court has conclusively held "that the Legislature clearly intended to permit a defendant charged with felon in possession to be properly charged with an additional felony-firearm count." *People v Dillard*, 246 Mich App 163, 167-168; 631 NW2d 755 (2001). On appeal, defendant asks us to contradict this express holding, which we cannot do. *People v Bennett*, 344 Mich App 12, 21; 999 NW2d 827 (2022) ("This Court is bound to follow its own published opinions under the rule of stare decisis[.]"); MCR 7.215(C)(2) and (J)(1). As such, this argument is meritless.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates