*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RAEQUIN RASHADE SCOTT,

        Defendant-Appellee.

UNPUBLISHED
September 19, 2024

No. 368554
Saginaw Circuit Court
LC No. 22-049792-FH

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by delayed leave granted[1] an order granting defendant's motion for a new trial on the basis of jury confusion or impermissible compromise.[2] Defendant was charged with assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. A jury convicted defendant of felony-firearm despite being unable to reach a verdict on the felonious assault count. We affirm.

## I. BACKGROUND

This case arises out of the execution of a no-knock search warrant at a house in Saginaw that followed a narcotics investigation. After breaking through the door and setting off a "flashbang grenade," the police allegedly found defendant lying on the ground with his legs curled. According to a police witness, defendant then pointed a gun at the officer, and the officer shot defendant multiple times. Despite being injured, defendant survived. Defendant was arrested, and charged as described above.

---

[1] *People v Scott*, unpublished order of the Court of Appeals, entered March 27, 2024 (Docket No. 368554).

[2] The order also denied defendant's motion for judgment notwithstanding the verdict. Neither party challenges this portion of the order on appeal.

At the conclusion of the trial, the court instructed the jury as follows with respect to the felony-firearm charge:

> In Count II, the defendant is also charged with the separate crime of possessing a firearm at the time he committed the crime of assault with a dangerous weapon. This crime is often referred to as felony firearm for short. It is not necessary, however, that the defendant be convicted of that crime.

During deliberations, the jury sent a note to the court regarding the felony-firearm instruction, stating that "[t]he first element seems self-contradictory" and requesting clarification on "the situation where the defendant is found not guilty of assault with a dangerous weapon, but is found guilty of felony firearm[.]" The court answered the question by acknowledging that the first element of felony-firearm is "somewhat contradictory" but added that "courts allow it." The court then reread the felony-firearm instruction to the jury. The court concluded by saying,

> Does that seem contradictory? Yeah, it does. But our courts have determined that you can find somebody not guilty of felonious assault, and still find them guilty of felony firearm. Yeah, it doesn't make a lot of sense, but I didn't write it, I'm just reading it. So it's something you can do. And I can't tell you how they thought when they came up with that, but that is the law, okay?

Later, the jury sent another note requesting information about the law governing self-defense. The court declined to offer this instruction because it found that a rational view of the evidence did not support a self-defense instruction and because the prosecution did not have an opportunity to present evidence or arguments on the matter. It answered the jury's question by stating, "I've got your note, the first part saying—talking about [sic] self-defense statute. We discussed that, that there will be no explanation given for that in this case[,] okay?"

The jury then sent another note to the court indicating that it reached a verdict on one count but not on the other. The court considered giving the jury a deadlock instruction and asked the foreperson whether the jury would be able to reach a verdict on the deadlocked count with further deliberation. The foreperson responded that the jury was deadlocked and further deliberation would not assist the jury in reaching a verdict, so the court asked the jury to deliver its verdict. The jury found defendant guilty of felony-firearm but was unable to reach a verdict as to the felonious assault charge.

Defendant filed a motion for a new trial on the basis that the jury rendered inconsistent verdicts resulting from jury confusion or impermissible compromise, as evidenced by the jury's questions regarding the felony-firearm instruction and self-defense. With a different judge presiding, the court heard oral arguments on the motion. The court found that the jury's inability to reach a verdict on the felonious assault count rendered its verdicts inconsistent. The court further found that the jury's questions and the prior judge's responses suggested that the inconsistent verdicts resulted from jury confusion or impermissible compromise. The court thereafter entered an order granting defendant's motion for a new trial. The prosecution filed a motion for reconsideration, arguing that the court palpably erred by finding that the jury's questions demonstrated jury confusion or impermissible compromise because the record did not support such a finding. The motion was denied, and this appeal followed.

## II. DISCUSSION

The prosecution first argues that, to the extent the verdicts were inconsistent, the court abused its discretion by granting defendant's motion for a new trial because there was no evidence demonstrating that the inconsistent verdicts resulted from jury confusion or impermissible compromise. Because the record supports the court's conclusion that the jury was confused, we affirm.

This Court reviews for an abuse of discretion a trial court's decision on a motion for a new trial. *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or when it makes an error of law. *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). This Court's review of a trial court's decision to grant a new trial "examines the reasons given by the trial court for granting a new trial. This Court will find an abuse of discretion if the reasons given by the trial court do not provide a legally recognized basis for relief." *People v Loew*, 340 Mich App 100, 108; 985 NW2d 255 (2022) (quotation marks, citation, and alteration omitted). "This Court reviews de novo questions regarding inconsistent verdicts, which are constitutional issues." *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). A trial court's factual findings are reviewed for clear error. *Johnson*, 502 Mich at 565. "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted).

MCR 6.431(B), which provides permissible grounds for granting a motion for a new trial, provides in relevant part:

> On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice. The court must state its reason for granting or denying a new trial orally on the record or in a written ruling made a part of the record.

Defendant was granted a new trial because the court found that the jury's inconsistent verdicts resulted from jury confusion or impermissible compromise. Accordingly, we must determine whether the inconsistent verdicts provided a legally recognized basis for relief.

As a threshold matter, the prosecution expressed doubt regarding whether there were inconsistent verdicts because the felonious assault charged resulted in a hung jury rather than an acquittal. "Verdicts are considered 'inconsistent' when the verdicts cannot rationally be reconciled." *People v Montague*, 338 Mich App 29, 51; 979 NW2d 406 (2021) (quotation marks and citation omitted). Finding defendant guilty of felony-firearm means that the jury was unanimously convinced beyond a reasonable doubt that defendant was likewise guilty of felonious assault. Failing to reach a verdict on the felonious assault charge means that the jury was not unanimously convinced beyond a reasonable doubt that defendant was guilty of felonious assault. While the term "inconsistent verdicts" is a bit of a misnomer given that only one charge resulted in a verdict, these two outcomes cannot be rationally reconciled. Therefore, inconsistent-verdict jurisprudence is applicable.

"A jury may reach inconsistent verdicts as a result of mistake, compromise, or leniency. *People v Goss*, 446 Mich 587, 597-598; 521 NW2d 312 (1994). Our Supreme Court has explained:

> Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jury reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. . . . [W]e feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility. [*People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980) (footnotes omitted).]

Accordingly, "[i]nconsistent verdicts within a single jury trial are permissible, and do not require reversal absent a showing of confusion by the jury, a misunderstanding of the instructions, or impermissible compromises." *Montague*, 338 Mich App at 51. Defendant bears the burden to establish an impermissible basis for an inconsistent verdict and cannot rely on the inconsistency alone. *Id*.

In *People v Lewis*, 415 Mich 443, 446; 330 NW2d 16 (1982), our Supreme Court specifically concluded that a felony-firearm conviction does not require a conviction of the underlying felony. The Court stated that "[a]lthough the Legislature no doubt contemplated that a person convicted of felony-firearm would also have been convicted of an underlying felony, it made commission or the attempt to commit a felony and not conviction of a felony an element of felony-firearm." *Id*. at 453. Therefore, "it is both within the letter of the statute and the spirit of the legislative purpose to construe the statute as providing for the imposition of sentence in a case where the jury convicts of felony-firearm but acquits of the underlying felony." *Id*. at 453-454 (footnote omitted).

The record supports the court's conclusion that the jury was confused.[3] First, while not the only explanation, the fact that the jury rendered verdicts that cannot be logically reconciled does suggest confusion. However, the clearest evidence of confusion in this case is the fact that the jury explicitly told the court that it was confused. The jury described the felony-firearm instruction as "self-contradictory" and asked for guidance on how a person could be not guilty of felonious assault but guilty of felony-firearm. The court's response did nothing to quell this confusion; instead of answering the question, the court simply reread the instruction that the jury found confusing and acknowledged that it "doesn't make a lot of sense." If anything, the court added to the confusion. The jury then asked for clarification about the law of self-defense,[4] and the court

---

[3] Because the court did not err by finding that the inconsistent verdicts were the result of confusion, we need not review its finding that they were also the result of compromise.

[4] That the jury asked about self-defense even though defendant asserted he did not point a gun at the police and did not assert a self-defense claim further demonstrates the jury's confusion.

-4-

simply told the jury that it would not answer the question. Thus, the jury twice expressed confusion and twice was not given any answers. Therefore, it was not an abuse of discretion for the court to conclude that a new trial was warranted because the verdict was a product of confusion rather than leniency.[5]

Affirmed.

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado

---

[5] The prosecution raises two issues in its statement of the questions presented that we decline to review because they were abandoned in the analysis section. First, defendant argued that the new judge who granted defendant's motion abused its discretion by allegedly deciding this motion without reviewing the trial transcripts. Second, defendant argues that the court erroneously relied on dicta when citing caselaw in support of its decision. Aside from a brief reference to the first issue in the brief's "introduction" section, there is no mention of either of these issues in the rest of the brief. Therefore, we deem review of the arguments waived. See *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority.").